### JAMES O. RAIL v. THE STATE.

No. 19799. Delivered June 8, 1938.
Rehearing denied October 19, 1938.
Second application for rehearing denied (without written opinion). November 2, 1938.

The opinion states the case.

*Joe Burkett,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction is for a misdemeanor; punishment being assessed at a fine of $50.00.

The prosecution proceeded under Article 582, P. C., which reads as follows: "Whoever solicits membership for, or in any manner assists in procuring membership in any fraternal benefit society not licensed to do business in this State, or who shall solicit membership for, or in any manner assist in procuring membership in such society not authorized by law to do business in this State, shall be fined not less than fifty nor more than two hundred dollars."

The only question presented is the sufficiency of the evidence. Appellant was president of the Texas Protective League, a fraternal benefit society, which the evidence showed had not been licensed to do business in the State of Texas. The proof of the State was to the effect that appellant assisted in procuring memberships in said league, and that, under his direction, death benefits were paid.

Testifying in his own behalf, appellant said: "I never solicited memberships for the society in any way whatsoever, by personal contact, public speeches, or with literature. The members were brought into the organization through the chapters. I am general president of the organization and not a member of any chapter."

The evidence is deemed sufficient to support the conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in his motion for a rehearing, strenuously insists that we erred in our original opinion by holding the evidence sufficient to sustain his conviction under Article

582, P. C., as quoted in the original opinion. It seems to be his contention that the proof does not show that he "solicited membership for, or * * * assisted in procuring membership in any fraternal benefit society not licensed to do business in this State * * *." He emphasizes the fact that his association was not a fraternal benefit society but a charitable association which came within an exception prescribed by Article 4857, R. C. S.

Article 4820, R. C. S., defines a fraternal benefit society as follows: "Any corporation, society, order or voluntary association, without capital stock, organized and carried on solely for the mutual benefit of its members and their beneficiaries, and not for profit, and having a lodge system and representative form of government, or which limits its membership to a secret fraternity having a lodge system and representative form of government, and which shall make provision for the payment of benefits in accordance with Section 4 hereof, is hereby declared to be a Fraternal Benefit Society." (As amended Acts 1931, 42d Leg., p. 71, Chap. 48, Sec. 1.)

The proof shows that appellant and his associates applied to the Secretary of State and obtained a charter which provided that the association should be known as "The Texas Protective League," and the benefits of its organization should go to charity by way of taking care of the needy, sick, cripple and otherwise distressed. That its place of business was to be in San Antonio and that it was to exist for fifty years. The charter further provided that the business of the association was to be transacted by seven directors elected annually by the stockholders on the second Monday of each January. The association was to have no capital stock.

Section 2 of article 4 of their constitution read as follows: " * * * A member in good standing will be entitled to all benefits of the organization * * * . The death benefits will be paid as follows: A maximum of $100 if the death occurs during the first year of membership; a maximum of $200, second year; $300, the third year; $400, the fourth year, and $500, the fifth year of continued membership, if dues and all assessments are paid continually. These amounts are the maximum that can be paid, and all payments will be made promptly, according to the amount in the fund and maximum due."

Section 3 of article 7 prescribed an oath which was to be taken by each member.

The testimony shows that James O. Rail, the appellant, was the president of the association and gave instructions with reference to procuring members for it and made speeches to all members and other people, extolling the great benefit to be derived from the organization.

Ollie Clark testified that appellant explained to him that the object of the association was to help people in need with death benefits; that if the witness should die, his wife would get from $100 to $500. He also testified that he read article 4 of the constitution, supra, and that this induced him to become a member and pay the required assessment of $1.

Mr. King testified that he was a member of the association and that meetings were held weekly; that every time a member died, an assessment of $1 was levied against each member to pay death benefits.

The association issued a booklet containing the constitution, the by-laws, appellant's picture and his name as president.

It is obvious from the foregoing testimony that sufficient evidence was introduced to sustain appellant's conviction under Article 582, P. C., for soliciting membership in a fraternal benefit society not authorized to do business in this State.

Appellant, however, insists that he comes under an exemption to the statute as set forth in Article 4857, R. C. S., since the proof showed that the association had not paid a death benefit exceeding $74. The applicable part of Article 4857 reads as follows: "Nothing in this chapter shall be construed to affect or apply to * * * domestic lodges, orders or associations of a purely religious, charitable and benevolent description which do not provide for a death benefit of more than one hundred dollars or for disability benefits of more than one hundred and fifty dollars to any person in one year. * * * ."

Appellant insists that he comes within the class designated as "charitable and benevolent institutions which do not *provide* for a death benefit of more than $100 or for disability benefits of more than $150 to any person in one year."

We can not agree that he comes within this exception under the facts proved. It will be noted that his constitution and by-laws, distributed not only to members but also to prospective members, recited that the association would pay as high as $500. This, in itself, constituted an act of soliciting and inducing persons to buy membership in the association in contravention of the statute under which he was prosecuted. The statute sets

the limit for organizations coming under charitable and benevolent institutions at $150, while appellant's by-laws and constitution provided for death benefits of as high as $500. The fact that the organization had never paid the maximum amount of $500 would be of no consequence, since membership was solicited on that basis.

He also contends that so long as the death benefits provided for in the constitution and by-laws did not exceed $500, he was exempt under the first part of Article 4857, R. C. S., which reads: " * * * nor to an association of local lodges of a society *now* doing business in this State which provides death benefits not exceeding five hundred dollars to any person or disability benefits not exceeding three hundred dollars in any one year * * * ."

He can not claim exemption under this portion of the statute. The word "now" in the statute clearly means such an association of local lodges, etc., as were doing business at the time of the enactment of the statute and not thereafter. Appellant's charter shows that it was obtained in 1933, long after the statute was enacted by the Legislature.

It follows that if appellant's organization was not an exception to the general law, he came within the category designated as fraternal benefit societies and would be subject to prosecution under Article 582, P. C.

Since we have determined that the evidence was sufficient to justify his conviction under the terms of that statute, the motion for a rehearing will be overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.